STURGESS, *et al.*, Respondents, v. STEAMBOAT COLUMBUS, Appellant.

1. Where a bill of lading given by the master of a boat contains the following clause : " privilege of reshipping in case of low water"—this is a *privilege reserved* to the boat, and does not impose upon it an *obligation* to reship in case of detention on account of low water.

*Appeal from St. Louis Law Commissioner's Court.*

This was an action brought before a justice of the peace and appealed to the Law Commissioner's Court, where it was tried by the court sitting as a jury. The action was a complaint under the " Act concerning boats and vessels," for breach of a contract of affreightment, alleged to consist in not having delivered to respondents twenty-five sacks of sweet potatoes, in

good order and condition, at St. Louis, according to the terms of the bill of lading. The bill of lading contained the clause: " privilege of reshipping in case of low water."

On the trial, the plaintiffs read said bill of lading. It was admitted that the potatoes, when received by the boat, were in good order and condition, and were rotten, in bad order and spoiled when delivered to plaintiffs. Plaintiffs rested, after proving the quantity and value of the potatoes. For the defence, it was proved that the boat left Natchez on the 23d or 24th of December, 1854, (the time of the shipment,) and arrived in St. Louis on the 9th of January, 1855 ; that she was detained eleven days at Cairo, by ice and low water, and made and completed her trip as soon as it was possible to do under the circumstances. It was also proved that the potatoes were properly stowed on the boat, in.the proper place for stowing such articles, at that season of the year. This was all the testimony. Upon this testimony, the court declared the law to be as follows, viz : " A steamboat having the right reserved to reship cargo, ought to exercise that right whenever it becomes necessary, by reason of any causes which conduced to granting the right by the shipper. The burden of proving that the defendant could not reship, is upon the defendant."

To which declaration of the law the defendant duly excepted. The court found for the plaintiff.

*Krum & Harding*, for appellant.

*Comfort & Manter*, for respondent.

LEONARD, Judge, delivered the opinion of the court.

The power of reshipping, in case of low water, contained in this bill of lading, is a *privilege reserved* to the boat, and not a *duty imposed* upon it. By the contract of affreightment, the carrier is bound to transport the goods to their destination in his own vessel, unless prevented from doing so by some event not occasioned by himself, and which he could not control, " *vis major ;*" and all the authorities concur that by the

maritime law in that event, the voyage being broken up, the ship owner is at liberty to tranship, an ı earn his full freight by the fulfillment of his contract in another bottom. (Shepton v. Tho nton, 9 A 'o'. & Ellis, 344.)

If, however, the event produce only a temporary suspension of the voyage, (neither party being at liberty to put an end to the contract,) it is the duty of the carrier to resume it as soon as the obstacle is removed, and to proceed with the goods in his own boat to the place of delivery; but this clause relieves him from this necessity in the particular case provided for, and gives him the privilege of sending the cargo forward in another boat, without effecting any other change in the rights or duties of the parties. The judgment must therefore be reversed, and the cause remanded.